IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| YESID ZAPATA MEJIA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No.  26 CV 6507 |
| v. | ) | |
| | ) | Hon. Jeffrey I. Cummings |
| SAMUEL OLSON, et al.,[1] | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Before the Court is petitioner Yesid Zapata Mejia's ("Petitioner") fully briefed petition for writ of habeas corpus, (Dckt. #1), in which she initially challenged her ongoing detention by U.S. Immigration and Customs Enforcement ("ICE") in violation of the Administrative Procedure Act and the Immigration and Nationality Act ("INA"), her right to due process under the Fifth Amendment, and the Consent Decree entered in the matter of *Castañon Nava v. Department of Homeland Security, et al.*, Case No. 18-cv-3757 (N.D.Ill).  In response to the petition, Respondents clarified that Petitioner: (1) was arrested pursuant to a warrant such that she is not entitled to relief under *Nava*;[2] and (2) is being detained pursuant to the mandatory detention provision of the Laken Riley Act, 8 U.S.C. §1226(c)(1)(E) due to her past conviction for theft in Iowa.  In her reply, Petitioner limits her arguments to those related to her claim for violations of her due process rights.  The Court does the same here and, for the following reasons, denies Petitioner's petition without prejudice as premature.

## I.    BACKGROUND

Petitioner is a citizen of Columbia who arrived in the United States at some point in December 2022.  (Dckt. #1 ¶2).  She was paroled into the United States on December 6, 2022 pursuant to INA §212(d)(5) (codified at 8 U.S.C. §1182(d)(5)), which allows for discretionary

---

[1] Respondents have confirmed that petitioner was detained at Broadview, Illinois at the time of filing. Accordingly, "the Court may properly hear the petition regardless of" any subsequent transfer of Petitioner to another jurisdiction.  *Flores v. Olson*, No. 25 C 12916, 2025 WL 3063540, at *1 (N.D.Ill. Nov. 3, 2025).

[2] Even if Petitioner was entitled to relief under *Nava*, such relief would have to be sought in connection with that matter, not in this habeas case.  *See Valencia v. Noem*, No. 25-CV-12829, 2025 WL 3042520, at *4 (N.D.Ill. Oct. 31, 2025) ("The Court declines to consider whether Petitioner is entitled to relief under the Castañon Nava agreement and notes that there is a process by which individuals can seek to join the *Castañon Nava* Class.").

parole for "urgent humanitarian reasons or significant public benefit." (Dckt. #10-2). Thereafter, Petitioner filed a timely application for asylum, which remains pending, (Dckt. #1 ¶2).

On October 25, 2025, Petitioner was convicted of "theft 5th degree" in violation of Iowa Statute IA 714.2(f). (Dckt. #10-1). She was sentenced to a $105 fine. (Dckt. #10-6 at 3). Currently, Petitioner resides in Chicago with her wife, a U.S. citizen, and she has a work permit that is valid through March 2029. (*Id* ¶¶2–3; Dckt. #1-2).

On June 2, 2026, while leaving her house to attend an in-person check-in with ICE, Petitioner was arrested by ICE outside of her home. She filed her petition that same day seeking her immediate release or a bond hearing. As of the date of this order, Petitioner has been detained for less than thirty days.

## II. ANALYSIS

Respondents argue that Petitioner is subject to mandatory detention pending the resolution of her removal proceedings under the Laken Riley Act, 8 U.S.C. §1226(c)(1)(E). The Act was signed into law on January 29, 2025, and provides, in relevant part:

**(1) Custody**

The Attorney General *shall take into custody* any alien who—

. . .

**(E)(i)** is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title; and

**(ii)** is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts *which constitute the essential elements of any burglary, theft, larceny, shoplifting*, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person,

when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. §1226(c)(1)(E) (emphasis added). According to Respondents, Petitioner falls under the mandatory detention provision of Laken Riley because of her charge of inadmissibility and her conviction of theft in Iowa.

In response to Respondents' position, Petitioner does not persuasively dispute that she falls under the purview of the Act. Instead, Petitioner maintains that even under Laken Riley, her continued detention without a bond hearing for an indeterminate amount of time violates her due process rights, particularly because the crime of which she was convicted imposes a maximum 30-day prison sentence. In other words, Petitioner argues that Laken Riley should allow for her

mandatory detention only up until the maximum length of sentence for the crime of which she was convicted. The Court respectfully disagrees for the following reasons.

First, nothing in the language of the Laken Riley Act limits the length of a petitioner's mandatory detention under §1226(c) to the maximum sentence of the crime at issue, and the Court cannot read such language into the Act. *See United States v. Melvin*, 948 F.3d 848, 851–52 (7th Cir. 2020) ("In ascertaining a statute's plain meaning, we must look to the particular statutory language at issue . . .") (cleaned up); *United States v. Donley*, No. 23 CR 511, 2023 WL 6623549, at *3 (N.D.Ill. Oct. 11, 2023) ("[C]ourts should not read language into a statute that is not there, nor read more into the statute than the statutory language naturally supports.").

Second, adopting Petitioner's interpretation of §1226(c) would contradict the Supreme Court's holding in *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). There, the Court expressly held that §1226(c) "does not on its face limit the length of the detention it authorizes." *Id*. The Supreme Court has also recognized that "detention during deportation proceedings [i]s a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003). "Read together, then, *Demore* and *Jennings* instruct that (1) due process does not require an *initial* bond determination for those detained under section 1226(c), and (2) section 1226's text cannot be construed to require a bond hearing after any particular fixed period of detention." *Black v. Decker*, 103 F.4th 133, 138–51 (2d Cir. 2024), *cert. granted sub nom. Genalo v. Black*, No. 25-886, 2026 WL 1718025 (U.S. June 15, 2026).[3]

Third, the Court acknowledges that the Supreme Court has left open (at least for now) the question of whether "prolonged detention under section 1226(c) without a bond hearing will *at some point* violate an individual detainee's due process rights." *Black*, 103 F.4th at 142. The Courts of Appeals that have addressed the issue are split. For example, in *Banyee v. Garland*, 115 F.4th 928 (8th Cir. 2024), the Eighth Circuit set out to determine whether a petitioner's year-long detention under §1226(c) pending removal proceedings violated his due process rights. The Court held, without reservation: "The answer is no. The rule has been clear for decades: "[d]etention during deportation proceedings [i]s . . . constitutionally valid." *Id*. at 931.

On the other hand, in *Black v. Decker*, the Second Circuit held, equally without reservation that: "The Constitution does not permit the Executive to detain a noncitizen for an unreasonably prolonged period under section 1226(c) without a bond hearing; at some point, additional procedural protections—like a bond hearing—become necessary." *Black*, 103 F.4th at 145. And, although the Second Circuit declined to adopt a "bright-line constitutional rule requiring a bond hearing after six months of detention—or after any fixed period of detention," the Court reasoned "that any immigration detention exceeding six months without a bond hearing raises serious due process concerns." *Id*. at 150. The Third Circuit has taken a similar approach to the Second. *See German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 214 (3d Cir. 2020) (declining to set a bright-line rule, but easily finding two-and-a half years of detention unreasonable and ordering a bond hearing).

---

[3] Petitioner maintains that this line of cases is inapplicable because they were decided before the expansion of §1226(c) through the Laken Riley Act. The Court disagrees. Although the Laken Riley Act expanded the scope of §1226(c), the statutory language calling for mandatory detention remained the same.

Here, the Court need not decide on which side of the divide it sits. Indeed, even those courts to order bond hearings for petitioners detained under §1226(c) have done so only after a "prolonged period" of detention and, at a minimum, that period falls somewhere around the six-month mark. Thus, where, as here, Petitioner has been detained under §1226(c) for less than one month, her request for relief under the due process clause is unavailing at this juncture even under the decisions that are most favorable to her position.[4]

For the foregoing reasons, the Court dismisses petitioner's petition for writ of habeas corpus without prejudice. All pending deadlines and hearings are stricken. Civil case terminated.

**Date: June 26, 2026**

**Jeffrey I. Cummings**
**United States District Court Judge**

---

[4] In light of this conclusion, and Petitioner's detention under §1226(c), the Court need not consider her argument that the sudden termination of her prior parole into the U.S. separately violates her due process rights.